# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC L. A.,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS AND SUPPLEMENTAL SECURITY INCOME**<br><br>Case No. 2:18-cv-00607-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Eric A.[1] ("Mr. A") pursuant to 42 U.S.C. § 405(g), seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. After careful review of the entire record, the parties' briefs, and arguments presented at a telephonic hearing held on August 28, 2019, the Court REMANDS this case to the Commissioner for further consideration.

## **BACKGROUND**

Mr. A. applied for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act") alleging disability beginning July 1, 2009 (certified copy of the transcript of the entire record of the administrative

---

[1] Pursuant to best practices adopted in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by his first name and last initial only, or as "Plaintiff", in this Order.

proceedings relating to Eric L. A. ("Tr.___"), Tr. 191, 208-214, 215-220, ECF No. 13-2). Mr. A.'s claim was denied initially on July 28, 2015 (Tr. 126-133) and upon reconsideration on December 11, 2015 (Tr. 136-141). Mr. A. made a timely request for an administrative hearing (Tr. 142-43). An administrative hearing was held on May 24, 2017 before Administrative Law Judge Christel Ambuehl. (Tr. 33-75). On August 30, 2017, the ALJ determined Mr. A. retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain nonexertional limitations thereby rendering him not disabled. (Tr. 20-21). On October 26, 2017, Mr. A. appealed the ALJ's decision to the Social Security Administration's Appeals Council. (Tr. 205-07). On May 24, 2018, the Appeals Council denied Mr. A.'s request to review the ALJ's decision (Tr. 1-7), thereby rendering the ALJ's decision the Commissioner's final administrative decision for purposes of judicial review. 20 C.F.R. § 416.1481 (explaining the effect of an Appeals Council denial).

## **STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner. The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. § 405(g). In addition to a lack of substantial evidence, the Court may reverse where the Commissioner uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards. See Glass v. Shalala, 43 F.3d

1392, 1395 (10th Cir. 1994); Thomson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). However, the Court "may neither reweigh the evidence nor substitute [its] own judgment for that of the agency." Barnett v. Apfel, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotations omitted).

## **DISCUSSION**

A. <u>The ALJ Erred in Formulating Mr. A.'s RFC When She Failed to Address His Need for His Companion Animal</u>

On appeal, Mr. A. argues that the ALJ erred when she failed to discuss his need for a companion animal when formulating his RFC. (Pl. Op. Br. 12-16, ECF No. 23.) He specifically asserts that the ALJ acknowledged his use of a companion animal but erred when she failed to evaluate how his reliance on a companion animal would affect his RFC. (Id. at 13.) According to Mr. A., the ALJ's failure to evaluate the companion animal as one of his limitations constitutes clear error, necessitating remand. (Id. at 13-16.)

The Commissioner contends Mr. A. did not meet his burden to establish an RFC limitation requiring the presence of a support dog. (Def.'s Ans. Br. 9-10, ECF No. 25.) Further, according to the Commissioner, even if the ALJ should have discussed whether Mr. A. required a support dog, the Court should not remand because Mr. A. suffered no harm by the omission because no reasonable factfinder would have found he required a support dog to work. (Id. at 12.)

Mr. A. challenges the Commissioner's finding at step four of the five-step sequential analysis where Mr. A. bears the burden of proof. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). A claimant's residual functional capacity ("RFC") reflects the ability

3

to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. See 20 C.F.R. §§ 404.1545, 416.945. "In addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996).

Mr. A. presented significant probative evidence to the ALJ to support his need to have his dog at his side to alleviate his anxiety as evidenced by a letter of accommodation issued by his college authorizing the presence of the dog at school to address a disability. (Tr. 301.) The ALJ in fact found that Mr. A. could work, in part, because of his former performance in school and noted the school granted him the accommodation of bringing his companion animal to class. (Tr. 20.) The medical record also contains progress notes evidencing Mr. A.'s improvement due to the presence of his companion animal. (Tr. 429, 859.) Further the ALJ observed the interaction of the companion animal and Mr. A. at the hearing, and Mr. A. testified that the animal was trained to respond to his increasing anxiety levels. (Tr. 43.) The ALJ never discusses whether Mr. A. needs his companion animal to attain the level of RFC described or whether the RFC reflects Ms. A.'s capacity without the companion animal. The Court finds Mr. A. met his burden to place his need for his companion animal at issue, and the ALJ erred when she failed to explain her reasoning and conclusion as to his need for his companion dog. See Santos v. Colvin, No. 3:12-cv-05827-KLS, 2013 WL 5176846, at *8 (W.D. Wash. Sept. 12, 2013) (remanding the case where significant probative evidence suggests that claimant needed his service animal, and the ALJ failed to consider whether the claimant's need for the service animal would limit his ability to work).

4

The omission is not harmless because the Vocational Expert testified that if Mr. A. needed the companion animal none of the jobs identified by the ALJ's decision would be available to Mr. A. (Tr. 72, 24-25.) Thus, the Court finds the ALJ's failure to discuss Mr. A.'s need for a companion animal does not constitute harmless error. Accordingly, the Court REMANDS the case for further proceedings for the ALJ to analyze whether Mr. A.'s need for his companion animal affects the formulation of his RFC and consequently the jobs that he can perform.

Because the Court remands on this ground, it does not address the other point of error raised by Mr. A.

**ORDER**

Under the relevant standard of review, the Court finds that the ALJ erred in formulating Mr. A.'s RFC when she failed to analyze and determine Mr. A.'s need for his companion animal. Accordingly, for the reasons set forth above, the Court REVERSES and REMANDS this matter to the Commissioner for further proceedings consistent with this Memorandum Decision and Order.

DATED this 26th day of September, 2019.

BY THE COURT:

Honorable Evelyn J. Furse
United States Magistrate Judge